THE NATIONAL CASH REGISTER COMPANY, a Corporation, Appellant, v. MIDWAY CITY CREAMERY COMPANY, a Corporation, Respondent.

(222 N. W. 36.)

Opinion filed November 21, 1928.

*Manly & Manly,* for appellant.

*N. J. Bothne,* for respondent.

BURKE, J.: This is an action on a promissory note given for the purchase price of one National cash register commenced in July 1921. The defendant answered claiming that the plaintiff falsely represented that said cash register would eliminate a bookkeeper in defendant's place of business and did promise to furnish and send an expert to New Rockford to set up said cash register; that plaintiff neglected to send an expert; that the said cash register was a complicated machine which the defendant could not set up or use and that said cash register was not as represented and did not eliminate or dispense with a bookkeeper; that on or about the 23rd day of July, 1920, the defendant rescinded said contract and returned said cash register to the plaintiff.

Before the third trial of the action, in August, 1926, the defendant amended his answer alleging as a further defense that said cash register would be accompanied with and was to have a bookkeeping system in order to further facilitate and make easy its use and operation and that no books or bookkeeping system to be used in connection with said cash register were ever furnished or delivered by the plaintiff; that the contract between the plaintiff and defendant is a conditional sale contract not conveying title and the register having been returned and kept by the plaintiff, the conditional sale contract was terminated.

The facts are as follows: The defendant, Midway City Creamery Company, by J. P. Jacobson, signed an application for the purchase of a cash register, the application being as follows, to-wit:

"City New Rockford County Eddy State N. D.
The National Cash Register Company, Dayton, Ohio:
Date 10/7/1919.

"Please manufacture and ship freight prepaid to Midway City Creamery. Street Same City Same County Same State or to the nearest railroad station, One of your No. 852 registers, Oak finish, denomination of keys See Key arrangement, for use on Any counter

Creamery business, for which undersigned agrees to pay you Five Hundred Dollars ($500.00) as follows: $30.00 cash; $...... (a true copy) cash on arrival of register, and the following amount to be evidenced by note; $440.00 in 4 monthly payments of $20.00 and 12 of $30.00, $30.00 allowance 313—893029—(35-A).

"Five per cent discount allowed for cash settlement on arrival of register, but no discount allowed on credit for exchange registers, or on autographic registers. The purchase price, less any payment thereon, shall, at your option, immediately become due and payable, upon refusal of undersigned to accept the register when tendered, or to make any cash payments, or to execute and deliver the note or make any payment provided for herein; or you, or any person authorized by you, if you so elect, may immediately repossess the register and retain, as rental for the use of said register while in the possession of undersigned, all payments theretofore made. Should the register get out of order from ordinary use within one year from shipment, you will, without charge, repair it, provided undersigned pays the transportation charges on it to and from the factory, or nearest agency able to make repairs, or travelling expenses of repairman. Undersigned to pay for any repairs made without your authorization, and to pay all taxes on the register and in event of default, to reimburse the Company to full extent of taxes paid by it.

"The register shall remain your property until the price, or any judgment for same is paid in full.

"This contract covers all agreements between the parties and shall not be countermanded.

"Midway City Creamery                          (Sign here)
(Print purchaser's name                        "Midway City Creamery Co.
  plainly on this line.)                        "By J. P. Jacobson."

The cash register was received by the defendant sometime later and on the 16th day of December, 1919, the defendant signed a promissory note as follows, to-wit:

"City of New Rockford    County, Eddy,    State N. D.
Date 12/16/1919.

For value received we promise to pay to the order of The National Cash Register Co. (Dayton, Ohio, U. S. A.)

Four Hundred Forty   -   -   -   -   -   -   Dollars ($440.00).

In 16 Payments, Payable as below:

| Date Paid | | Collection No. | | | | |
|---|---|---|---|---|---|---|
| 1–22 | N.Far. | 1 Month After Date | | | | $20.00 |
| 2–28 | | 2 Months After Date | | | | 20.00 |
| 4–27 | | 3 | ” | ” | ” | 20.00 |
| 5–17 | | 4 | ” | ” | ” | 20.00 |
| 6–26 | | 5 | ” | ” | ” | 30.00 |
| 6–26—cr 20.00 | | 6 | ” | ” | ” | 30.00 |
| | | 7 | ” | ” | ” | 30.00 |
| | | 8 | ” | ” | ” | 30.00 |
| | | 9 | ” | ” | ” | 30.00 |
| | | 10 | ” | ” | ” | 30.00 |
| | | 11 | ” | ” | ” | 30.00 |
| | | 12 | ” | ” | ” | 30.00 |
| | | 13 | ” | ” | ” | 30.00 |
| | | 14 | ” | ” | ” | 30.00 |
| | | 15 | ” | ” | ” | 30.00 |
| | | 16 | ” | ” | ” | 30.00 |

$440.00

"It is agreed that default in the payment of any of the above payments shall, at the option of the holder thereof, render the unpaid balance of this note immediately due and payable.

"This note represents monthly payments only—not price of register.
Register No. 1773786    Style and Finish 852 Oak
Business Creamery.
Notice to Agents: Write name
of customer plainly on this line
Midway City Creamery Co.

Sign Here
"Midway City Cry. Co.
"J. P. Jacobson, Mgr.
By .................."

On January 14, 1920, defendant paid $50.00, and on February 23, 1920, $20.00; on April 23, 1920, $20.00; on May 10, 1920, $20.00; and on June 22, $50.00. Accompanying the last check was the following letter:

"National Cash Register Co., Fargo, No. Dak.
No. 13, New Rockford, June 22, 1920.   .   .   .
    Enclosed please find $50.00, for amount of
    Invoices as follows:  To apply
    We have gone out of the retail business and at present have no use
for the register.  Can you dispose of this for us—M. E. B.   .   .   .
    Please credit on account no receipt necessary.
                              "Yours respectfully,
                                   "Midway City Creamery Co.
                                        "M. E. B."

On July 23rd, 1920, defendant wrote the following letter:

"National Cash Register Co., Fargo, No. Dak.
    Gentlemen:
        We are returning by Great Northern Express one cash register.
                         "Yours very truly,
            "Midway City Creamery Co., J. P. Jacobson, M. E. B."

On July 30, 1920, the plaintiff wrote the following letter to the defendant:

                                   "July 30, 1920.
"Midway City Creamery Company,
New Rockford, N. D.
Gentlemen:
    "We are just in receipt of advice from our local representative, Mr. J. H. Will, of Fargo, N. D., to the effect that register 852–1773786, shipped to you last November, has been returned to him.  He further states that you desire to be released from your contract, forfeiting the $190.00 equity that you hold in the same.
    "We wish to have it thoroughly understood, gentlemen, that under

no condition can we accept cancellation of your contract. Your order for the register was accepted by us in good faith and as evidence that you gave the order in good faith you made a cash payment of $30, signed this promissory note for $440.00 and returned to us your old cash register on which we allowed you $30.00, thus making the total of $500.00 to be paid for this cash register.

"In filling your order and delivering a register to you in perfect condition, this Company fulfilled its part of the contract and we must now look to you to do your part by accepting the return of the register and paying for the same in accordance with the terms of the sale. We are today instructing Mr. Will to hold this register subject to your order and risk and as evidence of your willingness to carry out your contract with us we must ask that you remit $40.00 to cover the part payment of the June installment and the entire July installment that have matured on your note, together with advice concerning the return of your register.

"Yours Truly,
"H. G. Carnell,

"JEF:A.            "Treasurer."

and on August 3d, 1920, the defendant wrote to the plaintiff as follows:

"Aug. 3, 1920.

"H. G. Carnell, Treas. Nat'l. Cash Register Co.,
   Dayton, Ohio.
  Dear Sir:

"We are not in a position at this time to pay for the cash register we purchased from you. We were not using the register, so we shipped it to your representative in Fargo. After he has disposed of it we should have a balance due us, as we have already paid $190.00 on the register.

"Yours Truly,
"Midway City Creamery Co.,
"Per J. P. Jacobson.

"RP.            R P"

On August 28, 1920, plaintiff's attorney, Maurice J. Leen, wrote the defendant as follows:

"August 28, 1920.

"Midway City Creamery Co.,
"New Rockford, N. Dak.
"Gentlemen:

"In reply to your letter of August 14th, wherein you state that you had paid $190.00 on your account with the National Cash Register Company, for cash register 852–1773786–Oak, and which you state you have returned to Fargo, N. Dak., I beg to inform you that I am advised by this Company that under date of July 30th, they wrote you in full explaining that they could not accept the register as settlement of the balance owing on your account, and that they had furthermore instructed their local representative, Mr. J. H. Will, to hold this register subject to your order and risk.

"In going over your signed contract with this Company, I find that it states very clearly that your order is not subject to cancellation, and furthermore that failure on your part to meet any one installment as it matures, gives the National Cash Register Company the right to bring suit against you for payment in full of the account without further delay.

"In view of the fact that a $10.00 part payment of the June installment, and the July and August installments of $30.00 each are now overdue on your account, it becomes necessary for me to advise you that unless your remittance to cover, together with shipping instructions are forwarded to Mr. Will, within the next ten days, I will place the account in the hands of our local attorney at New Rockford, N. Dak., with instructions to start proceedings against you immediately.

"Yours truly,
"Maurice J. Leen,
"MJL:AE. "Attorney."

On August 14, 1920, the defendant wrote to Maurice J. Leen, attorney for the plaintiff, as follows:

"August 14, 1920.

"The National Cash Register Co.,
Dayton, Ohio.
Gentlemen:

Attention Maurice J. Leen.

"Received your letter of the 12th in regard to our account with The National Cash Register Co. Our initial payment amounted to $190.00, and then we returned the register and not having heard from the company in regard to their not accepting this we took for granted that they have credited our account, or rather should have. This register was in as good condition as new when we returned same, and feel that instead of owing them anything they owe us on this register. Kindly take this matter up with the company, and have our account credited.

"Hoping this will explain matters, we are

"Yours Very Truly,
"Midway City Creamery Co.
"G. S. M.       Per J. P. Jacobson, GSM"

On receipt of this last mentioned letter, the plaintiff put the account in the hands of its attorney, who brought an action against the defendant for the balance due upon the contract. The case was tried to a jury and at the close of the defendant's testimony, the plaintiff moved for a directed verdict on the ground and for the reason that the evidence showed that the plaintiff had complied with its contract; that the defendant had accepted the cash register; used the same and paid the monthly payments thereon until the said defendant went out of the retail business; never claimed that there was anything wrong, or any breach of warranty in regard to the cash register; that it was sent to the plaintiff with the request for the plaintiff to dispose of it for the defendant and not on account of any breach of contract. The defendant resisted the motion on the ground that the contract was a conditional sale contract, the title remaining in the plaintiff, and that it specifically provides that in case the plaintiff takes back the machine that the money paid by the defendant shall be kept by the plaintiff as use or rental money for the machine, and it appearing by the undisputed evidence that more than seven years ago the machine was returned to

the plaintiff, and that the plaintiff has ever since kept and retained the same; and that the question now for the jury is to determine from all the evidence and transactions in the case whether there has been a return of the machine, consented to by both parties, then, of course, the plaintiff cannot recover the purchase price, and the question of warranty or breach of warranty is not involved in this case, and we, therefore, object to the direction of the verdict and is the principal defense also relied upon in the defendant's brief. The motion was overruled and at the close of all the testimony plaintiff renewed its objection for a directed verdict, defendant interposing the same objection; the court overruling the motion, the jury found for the defendant and from a judgment on the verdict the plaintiff appeals.

There was some testimony by Mr. Jacobson to the effect that the plaintiff had not furnished an expert to set the machine up; that they had not furnished the books or a system of bookkeeping although he admits that one book was furnished; that a repair man did come to find out if there was anything wrong with the machine and showed an employee how to put paper in it; that he never complained about the machine to the plaintiff except that after he returned the machine to Fargo, some girl at the Fargo office called him on the telephone and asked him why he returned the register and he said: "I told them they weren't living up to their agreement and promises in that we couldn't see that the machine was any different from the one they allowed us $30.00 for." According to his own testimony it was an entirely different machine, much larger; that it recorded the cash received for each different item while the old machine only recorded the entire amount of cash received during the day. It will be noted that no specific complaint was made to the girl in the Fargo office, and the testimony falls far short of showing any breach of contract. This was recognized by the attorney for the defendant when he made his objection to the motion for a directed verdict in which objection he stated: "the question of warranty or breach of warranty is not involved in this case."

One June 22, 1920, defendant wrote plaintiff:

"We have gone out of the retail business and at present have no use for the register. Can you dispose of this for us?" On July 23, 1920, defendant wrote plaintiff:

"We are returning by express one cash register."

On July 30, 1920, the plaintiff wrote defendant:

"Under no circumstances can we accept cancellation of your contract. We are instructing Mr. Will to hold this register subject to your order."

On August 3, 1920, defendant wrote plaintiff:

"We are not in a position to pay for the cash register we purchased from you. We were not using the register so we shipped it to your representative at Fargo."

On August 14, 1920, in answer to a letter from plaintiff's attorney, under date of August 12, 1920, demanding payment, defendant wrote:

"We returned the register and not having heard from the company in regard to their not accepting this, we take for granted that they have credited our account or rather should have."

Mr. Jacobson, in this letter, is at least mistaken in the statement that he had not heard from the company after sending the register back. The plaintiff's letter of July 30th, to the defendant, in which it emphatically says that under no condition can it accept cancelation of your contract and that it is holding the register subject to defendant's order and risk, was answered by Mr. Jacobson himself on August 3rd, in a letter in which he says they were in no position to pay for the register purchased from the plaintiff. On August 28th, plaintiff's lawyer wrote the defendant that "unless payments are made the claim will be put in the hands of their lawyer at New Rockford."

It is very clear from all the testimony in the case that the register was returned for the reason that the defendant had gone out of the retail business and not needing the register it was returned, but it was not accepted by the plaintiff who immediately notified defendant that it would not be accepted but would be held subject to the defendant's order. It is clear that there was no question of fact to submit to a jury. Under § 7643, Supplement to Comp. Laws 1913, the ruling on a motion for a directed verdict may be reviewed by the supreme court, without a motion for a judgment notwithstanding the verdict having been first made in the trial court. Rokusek v. National Union F. Ins. Co. 50 N. D. 123, 195 N. W. 300. It is, therefore, ordered that the motion for judgment notwithstanding the verdict be and is hereby granted and it is ordered that judgment be entered for the plaintiff

for the sum of three hundred and ten and no/100 dollars ($310.00) with interest thereon at the rate of six per cent (6%) from April 12, 1921, and for costs.

NUESSLE, Ch. J., and BIRDZELL, CHRISTIANSON, and BURR, JJ., concur.